UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| VICTOR ESTRADA, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) Civil Action |
| EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS INC.; | ) |
| | ) COMPLAINT |
| Defendants. | ) |

Plaintiff, Victor Estrada, (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, (hereinafter "FCRA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in El Paso, Texas.

5. Defendant, Equifax Information Services, LLC ("Equifax"), is a business entity that regularly conducts business in New York with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(F) and is engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6.     Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in New York with its principal place of business as 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681a(F), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties

## FACTUAL STATEMENT

7.     In 2016, Plaintiff opened an account with Conn's Appliances bearing number 50333****.

8.     In 2019, Plaintiff opened a second account with Conn's Appliances. During the time of opening the second account, Plaintiff offered to pay off the initial account with Conn's Appliances. Instead, Conn's Appliances advised Plaintiff to transfer the outstanding debt on the first account to the second account. Plaintiff agreed to this procedure.

9.     After the second account was opened, Plaintiff no longer had any additional obligation on the first account as the outstanding balance had been transferred.

10.    Despite the transfer, Conn's Appliances began reporting Plaintiff as late month after month causing Plaintiff's credit score to tank.

11.    As a result, Plaintiff had significant difficulty obtaining credit.

12. In multiple dispute letters sent throughout 2020 to the Equifax and Experian, Plaintiff disputed the credit reporting of Conn's Appliances as improperly reporting him as late on the initial account.

13. Equifax and Experian failed to conduct a reasonable investigation and continued reporting Plaintiff as late despite knowing this was an error.

14. Defendants also failed to mark Plaintiff's initial account as in-dispute as required by the FCRA.

15. Defendants' inaccurate reporting have resulted in emotional distress stemming from Plaintiff's inability to obtain credit as a direct result of the erroneous reporting.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

16. Plaintiff repeats, re-alleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

17. Defendants Experian, and Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

18. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

19. Each of Experian, and Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

20. Each of Experian, and Equifax negligently and willfully failed to conduct a reasonable investigation in response to Plaintiff's dispute in violation of 15 U.S.C. § 1681i. If these Defendant's would have conducted a reasonable investigation, they would have immediately removed the accounts based on the client's documents.

21. As a direct and proximate cause of Experian and Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

22. Experian, and Equifax's conduct, action, and inaction were willful, rendering each liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian, and Equifax were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grant Plaintiff a judgment against Experian and Equifax for the greater of statutory or actual damages, punitive damages along with costs, interest, and attorney's fees.

Dated:   May 11, 2021
         Paterson, New Jersey

/s/ Daniel Zemel_____
Daniel Zemel, Esq.
**Zemel Law LLC**
660 Broadway
Paterson, NJ 07514
(P) (862) 227-3106
dz@zemellawllc.com
Attorney for Plaintiff